IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **EXECUTIVE BOAT & YACHT BROKERAGE,**<br><br>      Plaintiff,<br><br>vs.<br><br>**ARAMARK SPORTS and ENTERTAINMENT SERVICES, INC.,** et al.,<br><br>      Defendants. | **ORDER DENYING PRELIMINARY INJUNCTION**<br><br>Case No.  2:07CV69DAK |

   This matter is before the court on Plaintiff Executive Boat & Yacht Brokerage's Motion for Temporary Restraining Order and/or Preliminary Injunction.  The court held a hearing on the motion on March 5, 2007.  At the hearing, Plaintiff was represented by Kevin Bond and Budge Call, and Defendant was represented by Angela Adams and Anthony Kaye.  Before the hearing, the court carefully considered the memoranda, exhibits, declarations, and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the memoranda, exhibits, and declarations submitted by the parties, and the facts and law relevant to the motion.  Now being fully advised, the court renders the following Order.

## I.  BACKGROUND[1]

Plaintiff seeks a preliminary injunction to enjoin Defendants from prohibiting it from advertising its brokering services for boats located within the Glen Canyon National Recreation Area ("the Park") outside of the Park.

Plaintiff has been providing boat brokering services for clients for fifteen years.  It provided services at the Park until 1997 when the National Park Service ("NPS") adopted a Commercial Services Plan.  Plaintiff requested an application from the NPS for an Incidental Business Permit for boat brokering inside the Park.  In response, on March 25, 2003, the NPS notified Plaintiff that boat brokering was a service only an authorized concessioner could do and a permit would not be granted.  The letter states that "effective June 1, 2003, [Plaintiff] must cease brokering any vessels that are slipped, moored or in dry storage within Glen Canyon NRA.  Continuation of current business practices after that date will be in violation of 36 C.F.R. 5.3 'Commercial Operations.'"

Again, on April 17, 2003, the NPS notified Plaintiff that "[i]n the past, brokering of vessels within Glen Canyon NRA was provided without authorization and in violation of 36 C.F.R. § 5.3 by a number of entities.  This practice must stop and we are taking the necessary steps to notify unauthorized providers to cease and desist."  On April 24, 2003, Defendant Aramark, an authorized concessioner in the Park, sent out letters to the individual boat owners indicating that Plaintiff was not authorized to do business for vessels located inside the Park.

---

[1]The court notes that the findings of fact and conclusions of law made by a court in deciding a preliminary injunction motion are not binding at the trial on the merits.  *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *City of Chanute v. Williams Natural Gas Co.*, 955 F.2d 641, 649 (10th Cir. 1992), *overruled on other grounds by Systemcare, Inc. v. Wang Labs Corp.,* 117 F.3d 1137 (10th Cir. 1997) (recognizing that "the district court is not bound by its prior factual findings determined in a preliminary injunction hearing.").

Plaintiff brought an action in this court, naming Aramark and the NPS as defendants. In that case, the NPS was dismissed as a defendant and the case was eventually dismissed in January of 2007 for failure to prosecute.

A few weeks before the previous lawsuit was dismissed, on January 1, 2007, Aramark sent out another letter to boat owners stating that it was the only authorized boat broker for vessels located inside the Park. Based on this January 1, 2007 letter, Plaintiff has brought this new action seeking injunctive relief for its intentional interference with economic relations cause of action.

## II.  DISCUSSION

Plaintiff argues that it is entitled to preliminary injunctive relief because Aramark is interfering with its ability to advertise the sale of boats located within the Park even though such advertisement is being conducted outside the Park. In order to obtain preliminary injunctive relief, the moving party must establish:

> (1) a substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.

*SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991). Because a preliminary injunction is an extraordinary remedy, the "right to relief must be clear and unequivocal." *Id.* A preliminary injunction that alters the status quo is disfavored and Plaintiff must meet the heavier burden of demonstrating that the four factors weigh "heavily and compellingly" in its favor before an injunction may issue. *See Kikumura v. Hurley*, 242 F.3d 950 (10th Cir. 2001); *Visa*, 936 F.2d at 1098-99.

*1. Likelihood of Success on the Merits*

In order to obtain injunctive relief, Plaintiff must demonstrate a likelihood of success on the merits on its claims against Aramark for intentional interference with economic relations[2] or for declaratory relief that it is in compliance with NPS regulations. Aramark argues that Plaintiff cannot meet its burden on this element because the NPS regulations preclude Plaintiff from engaging in business within the Park and it has not interfered with Plaintiff's business for an improper purpose or through improper means because it is merely enforcing NPS policy.

Congress has given the Secretary of the Interior the power to contract with corporations to provide services necessary to maintain recreational facilities in park areas. *See* 16 U.S.C. §§ 1, 3. "[T]he Secretary shall utilize concessions contracts to authorize a person, corporation, or other entity to provide accommodations, facilities, or services to visitors to units of the National Park System." 16 U.S.C. § 5952. In addition, Congress has recognized that "[n]othing in this subchapter shall be construed as limiting the authority of the Secretary to determine whether to issue a concessions contract or to establish its terms and conditions in furtherance of the policies expressed in this subchapter." *Id.* § 5952(10).

Based on its statutory charge, the Department of the Interior's National Park Service promulgated regulations regarding commercial operations in national parks. Under 36 C.F.R. § 5.3, "[e]ngaging in or soliciting any business in park areas, except in accordance with the provisions of a permit, contract, or other written agreement with the United States, except as such may be specifically authorized under special regulations applicable to a park area, is

---

[2] To succeed on a claim for intentional interference with economic relations, "[a] plaintiff must prove (1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) for an improper purpose or by improper means, (3) causing injury to the Plaintiff." *St. Benedict's Development Co. v. St. Benedict's Hospital*, 811 P.2d 194, 200 (Utah 1991).

4

prohibited." The NPS also published the Glen Canyon National Recreation Area Policy for Boat Brokering in 2003. The policy prohibits unauthorized or uncontrolled boat brokering services for vessels located in permanent storage in slips, buoys, or dry storage within the Glen canyon National Recreation Area.

Plaintiff argues that the NPS does not have the authority to prohibit advertising outside the Park. In essence, Plaintiff's position is that it should be allowed to advertise the sale of a boat located within the Park if it does the advertisements outside of the Park. The advertisements submitted at the hearing, however, demonstrate that some of the boats advertised by Plaintiff are listed with the slip or buoy and some are listed as having no slip or buoy. The slip and buoy is NPS property that can be rented only through an authorized concessioner. While Plaintiff argues that its advertisements merely state the location of the boat and the boat owners would be responsible to transfer the slip or buoy, these advertisements demonstrate the impact Plaintiff's business has on operations within the Park.

In *United States v. Carter*, 339 F. Supp. 1394 (D. Ariz. 1972), the court enjoined a boat rental company from engaging in or soliciting business within the Park because "[t]he management controls given the Secretary over the recreation area and the effectiveness of his power to give contract preference to concessioners in the recreation area would be substantially diminished if an individual were allowed to perform a commercial service in the recreation area merely because the service contract was entered into outside the recreation area." *Id.* at 1399.

Given the authority of the NPS to regulate the services within the Park, especially the slips and buoys, the NPS policies regarding the regulation of boat brokering of boats located within the Park appear to be reasonable. While there may be competing arguments as to whether Plaintiff is in fact engaging in business within the Park, the court concludes that the competing

arguments on this claim preclude a finding that Plaintiff has a likelihood of success on the merits on its declaratory relief claim. In addition, Aramark's application of the NPS policies does not appear to be unreasonable, and this court is not in a position to find that Aramark likely acted with an improper purpose or through improper means when it sent out its January 1, 2007 letter to boat owners within the Park. Therefore, the court finds that Plaintiff has failed to meet its burden of demonstrating a likelihood of success on the merits with respect to either of its claims.

## 2. *Irreparable Harm*

Furthermore, the court finds that Plaintiff has delayed in asserting its claims. Although Plaintiff contends that the January 1, 2007 letter presented a change in position, the court finds that the letter is not substantially different from previous pronouncements from Aramark or the NPS. The fact that Aramark may have been disregarding prior directives or interpreting them to mean that it could continue to advertise boats located within the Park, does not necessarily mean that the positions of NPS or Aramark have changed during that time. Moreover, Plaintiff has failed to assert its rights through administrative procedures, appeals of adverse administrative decisions, or even in the prior lawsuit in this court that was dismissed for failure to prosecute.

"Absent a good explanation . . . a substantial period of delay . . . militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief." *High Tech Med. Instrumentation v. New Image*, 49 F.3d 1551, 1557 (Fed. Cir. 1995). The Tenth Circuit has found that delay in bringing a motion for emergency relief is evidence that there is, in fact, no irreparable injury. *See GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984) ("'Although plaintiff contends that it will be irreparably harmed should defendants' activities not be enjoined, it has waited nearly a year before seeking any relief. Delay of this nature undercuts the sense of urgency that ordinarily

accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury.'") (citations omitted); *Kansas Health Care Assoc., Inc. v. Kansas Dep't of Soc. & Rehabilitation Servs.*, 31 F.3d 1536, 1544 (10th Cir.1994) ("As a general proposition, delay in seeking preliminary relief cuts against finding irreparable injury.")

With the delay present in this case, the court cannot conclude that this factor weighs in Plaintiff's favor. Because the court has determined that Plaintiff has not met its burden of showing a likelihood of success on the merits or irreparable harm, the court concludes it need not examine the remaining factors for preliminary injunctive relief. Therefore, Plaintiff's motion for a preliminary injunction is denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for preliminary injunction is DENIED. Plaintiff has not demonstrated by either the clear and unequivocal standard or the heavy and compelling standard that it is likely to succeed on the merits of its claims or that there is irreparable harm.

DATED this 7th day of March, 2007.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge